IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:05CR316 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE** |
| | ) | **FINDINGS** |
| ROSALINO LOPEZ-VEGA, | ) | |
| | ) | |
| Defendant. | ) | |

I am in receipt of the presentence investigation report in this case and the defendant's objection to the presentence report and motion for downward variance.

IT IS ORDERED that:

(1) The undersigned will consult and follow the Guidelines to the extent permitted and required by United States v. Booker, 125 S. Ct. 738 (2005). In this regard, the undersigned gives notice that, unless otherwise ordered, he will (a) give the advisory Guidelines substantial weight; (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury; (c) impose upon the government the burden of proof on all Guideline-enhancements; (d) impose upon the defendant the burden of proof on all Guideline-mitigators; (e) depart from the advisory Guidelines, if appropriate, using pre-Booker departure theory; and (f) in cases where a departure using pre-Booker departure theory is not warranted, deviate or vary from the Guidelines only when there is a plainly superior, principled reason which justifies a sentence different than that called for by application of the advisory Guidelines.

(2) The defendant's objection to the presentence report (filing 25) regarding the enhancement described at PSR ¶ 23, as that enhancement pertains to use or

1

possession of a firearm in connection with another felony under the provisions of U.S.S.G. § 5K2.1(b)(5), will be resolved at an evidentiary hearing to be conducted at sentencing. In this regard, I make two observations:

> A. Understanding that the crime of conviction (18 U.S.C. § 922(g)(5)) requires that the government prove both that the defendant possessed a gun *and* (on the facts of this case) that the defendant was an illegal alien, how can his possession of the weapon be "in connection with another felony offense" as required by U.S.S.G. § 5K2.1(b)(5) if the government proves nothing more than the elements of the crime of conviction? In another words, unless the government can prove a *separate* felony involving use or possession of the weapon, there is no "other felony offense" under the Guidelines.

> B. On the other hand, if the government proves, as a part of the relevant conduct, that the defendant committed a state law felony assault while using the weapon (see PSR ¶¶ 13-15), then the enhancement would apply. In this regard, "another felony offense" may be proven under U.S.S.G. § 2K2.1(b)(5) "whether or not a criminal charge was brought, or conviction obtained." U.S.S.G. § 2K2.1(b)(5), comment n.4.

(3) The defendant's objection (filing 25) to PSR ¶ 22, regarding the enhancement based upon the alleged fact that the firearm "had an altered or obliterated serial number" within the meaning of U.S.S.G. § 2K2.1(b)(4), will be resolved at an evidentiary hearing to be conducted at sentencing. Given the apparent fact that one serial number was intact and one was not (PSR ¶ 16), the government should be prepared to advise me as to the legal significance of this information.

(4) The defendant's motion for "downward variance" (filing 25) will be resolved at sentencing.

(5) The parties are herewith notified that my tentative findings are that the presentence report is otherwise correct in all respects.

(6) If **any** party wishes to challenge these tentative findings, said party shall, as soon as possible, but in any event at least five (5) business days before sentencing, file in the court file and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and how long such a hearing would take.

(7) Absent submission of the information required by paragraph 6 of this order, my tentative findings may become final.

(8) Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

March 10, 2006.                    BY THE COURT:

                                   s/ *Richard G. Kopf*
                                   United States District Judge